UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Orbin Zaldivar,                                          Docket No. 23-cv-01434

                              Plaintiff,           **ANSWER**

           -against-

JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant,
Sergio Olivero, Severina Olivero and Luciano
Olivero a/k/a Louis Olivero

                              Defendants.
-------------------------------------------------------------X

Defendants SEVERINA OLIVERIO (sued herein as SEVERINA OLIVERO) and

LUCIANO OLIVERIO (sued herein as LUCIANO OLIVERO) (hereinafter Defendants),

by and through their attorneys, Feather Law Firm, P.C., hereby interpose the following

Answer to Plaintiff's Complaint:

    1.      Paragraph "1" of the Complaint states that this action is brought

individually to recover.

        (a)     overtime under the Fair Labor Standards Act of 1938 ("FLSA"), as

                amended,

        (b)     minimum wages under the Hospitality Industry Wage Order, 12 NYCRR

                § 146 ("HIWO"),

        (c)     overtime under the HIWO,

        (d)     spread of hours pay under the HIWO,

        (e)     uniform maintenance pay under the HIWO,

        (f)     reimbursement for uniform expenses under the HIWO,

        (g)     unlawful deductions from wages under the HIWO and NYLL § 193,

1

(h)     punitive damages, lost earnings, and liquidated damages under the antiretaliation provision of the FLSA (29 U.S.C. § 215(a)(3)),

(i)     punitive damages, lost earnings, and liquidated damages under the antiretaliation provision of the NYLL (§ 215),

(j)     liquidated damages, attorneys' fees, and costs.

As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

2.     Defendants assert that Paragraph "2" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

3.     Defendants assert that Paragraph "3" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

4.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "4" of the Complaint.

5.     Deny the allegations contained in Paragraph "5" of the Complaint.

6.     Admit the allegations contained in Paragraph "6" of the Complaint.

7.     Admit  the allegations contained in Paragraph "7" of the Complaint.

8.     Admit the allegations contained in Paragraph "8" of the Complaint.

9.     Deny the allegations contained in Paragraph "9" of the Complaint.

2

10.     Deny the allegations contained in Paragraph "10" of the Complaint.

11.     Deny the allegations contained in Paragraph "11" of the Complaint.

12.     Defendants assert that Paragraph "12" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

13.     Admit the allegations contained in Paragraph "13" of the Complaint.

14.     Admit the allegations contained in Paragraph "14" of the Complaint.

15.     Admit the allegations contained in Paragraph "15" of the Complaint.

16.     Admit  the allegations contained in Paragraph "16" of the Complaint.

17.     Admit  the allegations contained in Paragraph "17" of the Complaint.

18.     Defendants assert that Paragraph "18" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

19.     Admit  the allegations contained in Paragraph "19" of the Complaint.

20.     Admit  the allegations contained in Paragraph "20" of the Complaint.

21.     Deny the allegations contained in Paragraph "21" of the Complaint.

22.     Deny the allegations contained in Paragraph "22" of the Complaint.

23.     Deny the allegations contained in Paragraph "23" of the Complaint.

24.     Deny the allegations contained in Paragraph "24" of the Complaint.

25.     Admit the allegations contained in Paragraph "25" of the Complaint.

26.     Admit the allegations contained in Paragraph "26" of the Complaint.

27.     Deny the allegations contained in Paragraph "27" of the Complaint.

28.     Deny the allegations contained in Paragraph "28" of the Complaint.

29.     Deny the allegations contained in Paragraph "29" of the Complaint.

30.     Deny the allegations contained in Paragraph "30" of the Complaint.

31.     Admit the allegations contained in Paragraph "31" of the Complaint.

32.     Admit the allegations contained in Paragraph "32" of the Complaint.

33.     Deny the allegations contained in Paragraph "33" of the Complaint.

34.     Deny the allegations contained in Paragraph "34" of the Complaint.

35.     Deny the allegations contained in Paragraph "35" of the Complaint.

36.     Deny the allegations contained in Paragraph "36" of the Complaint.

37.     Deny the allegations contained in Paragraph "37" of the Complaint.

38.     Deny the allegations contained in Paragraph "38" of the Complaint.

39.     Deny the allegations contained in Paragraph "39" of the Complaint..

40.     Deny the allegations contained in Paragraph "40 of the Complaint.

41.     Deny the allegations contained in Paragraph "41" of the Complaint.

42.     Deny the allegations contained in Paragraph "42" of the Complaint.

43.     Admit the allegations contained in Paragraph "43" of the Complaint.

44.     Deny the allegations contained in Paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "45" of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "47" of the Complaint.

48.     Deny the allegations contained in Paragraph "48" of the Complaint, except deny knowledge or information sufficient to form a belief as to what Plaintiff was paid for the week ending December 20, 2020.

49.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "49" of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "50" of the Complaint.

51.     Defendants assert that Paragraph "51" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

52.     Deny the allegations contained in Paragraph "52" of the Complaint.

53.     Deny the allegations contained in Paragraph "53" of the Complaint.

54.     Deny the allegations contained in Paragraph "54" of the Complaint.

55.     Deny the allegations contained in Paragraph "55" of the Complaint.

56.     Admit the allegations contained in Paragraph "56" of the Complaint.

57.     Deny the allegations contained in Paragraph "57" of the Complaint.

58.     Deny the allegations contained in Paragraph "58" of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "59" of the Complaint.

60.     Deny the allegations contained in Paragraph "60" of the Complaint.

61.     Deny the allegations contained in Paragraph "61" of the Complaint.

**FIRST COUNT**
*Overtime Wages under the Fair labor Standards Act*
*29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

62.     The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "61" of the Complaint with the same force and effect as if contained at length herein.

63.     Deny the allegations contained in Paragraph "63" of the Complaint.

64.     Defendants assert that Paragraph "64" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

65.     Deny the allegations contained in Paragraph "65" of the Complaint.

66.     Defendants assert that Paragraph "66" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

67.     Defendants assert that Paragraph "67" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

68.     Deny the allegations contained in Paragraph "68" of the Complaint.

69.     Deny the allegations contained in Paragraph "69" of the Complaint.

70.     Deny the allegations contained in Paragraph "70" of the Complaint.

71.     Deny the allegations contained in Paragraph "71" of the Complaint.

## SECOND COUNT
*Minimum Wages under 12 NYCRR § 146-1.2 and NYLL § 198(1-a)*

72.     The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "71" of the Complaint with the same force and effect as if contained at length herein.

73.     Deny the allegations contained in Paragraph "73" of the Complaint.

74.     Deny the allegations contained in Paragraph "74" of the Complaint.

75.     Deny the allegations contained in Paragraph "75" of the Complaint.

76.     Deny the allegations contained in Paragraph "76" of the Complaint.

77.     Deny the allegations contained in Paragraph "77" of the Complaint.

78.     Deny the allegations contained in Paragraph "78" of the Complaint.

79.     Deny the allegations contained in Paragraph "79" of the Complaint.

## THIRD COUNT
*Overtime Wages under 12 NYCRR § 146-1.4 and NYLL § 198(1-a)*

80.     The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "79" of the Complaint with the same force and effect as if contained at length herein.

81.     Deny the allegations contained in Paragraph "81" of the Complaint.

82.     Deny the allegations contained in Paragraph "82" of the Complaint.

83.     Deny the allegations contained in Paragraph "83" of the Complaint.

84.     Deny the allegations contained in Paragraph "84" of the Complaint.

## FOURTH COUNT
*Spread of Hours Pay under 12 NYCRR § 146-1.6 and NYLL § 198(1-a)*

85.     The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "74" of the Complaint with the same force and effect as if contained at length herein.

86.     Deny the allegations contained in Paragraph "86" of the Complaint.

87.     Deny the allegations contained in Paragraph "87" of the Complaint.

88.     Deny the allegations contained in Paragraph "88" of the Complaint.

89.     Deny the allegations contained in Paragraph "89" of the Complaint.

**FIFTH COUNT**
*Uniform Maintenance Pay under 12 NYCRR § 146-1.7 and NYLL § 198(1-a)*

90.     The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "89" of the Complaint with the same force and effect as if contained at length herein.

91.     Deny the allegations contained in Paragraph "91" of the Complaint.

92.     Paragraph "92" of the Complaint states that "Where an employer does not maintain required uniforms for any employee, the employer shall pay the employee, in addition to the employee's agreed rate of pay, uniform maintenance pay[.]"  As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

93.     Deny the allegations contained in Paragraph "93" of the Complaint.

94.     Deny the allegations contained in Paragraph "94" of the Complaint.

95.     Deny the allegations contained in Paragraph "95" of the Complaint.

**SIXTH COUNT**
*Uniform Reimbursement under 12 NYCRR § 146-1.8 and NYLL § 198(1-a)*

96.    The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "95" of the Complaint with the same force and effect as if contained at length herein.

97.    Deny the allegations contained in Paragraph "97" of the Complaint.

98.    Deny the allegations contained in Paragraph "98" of the Complaint.

99.    Deny the allegations contained in Paragraph "99" of the Complaint.

100.    Deny the allegations contained in Paragraph "100" of the Complaint.

**SEVENTH COUNT**
*Unlawful Deductions under NYLL § 193, 12 NYCRR § 146-2.7 and NYLL § 198(1-a)*

101.    The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "100" of the Complaint with the same force and effect as if contained at length herein.

102.    Deny the allegations contained in Paragraph "102" of the Complaint.

103.    Deny the allegations contained in Paragraph "103" of the Complaint.

104.    Deny the allegations contained in Paragraph "104" of the Complaint.

**EIGHTH COUNT**
*Retaliation under 29 U.S.C. §§ 205(a)(3) and 216*

105.    The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "104" of the Complaint with the same force and effect as if contained at length herein.

106.    Defendants assert that Paragraph "106" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

107.    Deny the allegations contained in Paragraph "107" of the Complaint.

108.    Deny the allegations contained in Paragraph "108" of the Complaint.

109.    Deny the allegations contained in Paragraph "109" of the Complaint.

110.    Deny the allegations contained in Paragraph "110" of the Complaint.

111.    Deny the allegations contained in Paragraph "111" of the Complaint.

112.    Deny the allegations contained in Paragraph "112" of the Complaint.

## NINTH COUNT
*Retaliation under NYLL § 215*

113.    The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "112" of the Complaint with the same force and effect as if contained at length herein.

114.    Defendants assert that Paragraph "114" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

115.    Deny the allegations contained in Paragraph "115" of the Complaint.

116.    Deny the allegations contained in Paragraph "116" of the Complaint.

117.    Deny the allegations contained in Paragraph "117" of the Complaint.

118.    Deny the allegations contained in Paragraph "118" of the Complaint.

119.    Deny the allegations contained in Paragraph "119" of the Complaint.

## PRAYER FOR RELIEF

The Defendants deny that the Plaintiff is entitled to any of the relief sought.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that it fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Court does not have jurisdiction or should not exercise jurisdiction over Plaintiff's state law claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

These Answering Defendants were not Plaintiff's employer as that term is defined in the Fair Labor Standards Act and/or the New York State Labor Law and its governing regulations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If Plaintiff succeeds in establishing any violation under the Fair Labor Standards Act and/or the New York State Labor Law and/or any other state law, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff.

11

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA, the New York State Labor Law and/or any other state law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages for which he is entitled to relief.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA, the New York State Labor Law and/or any other state law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff was paid all monies to which he was legally entitled.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to establish a basis for liquidated damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, waiver, estoppel, unclean hands, avoidable consequences, after-acquired evidence and/or other principles of equity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Defendants did not have annual gross dollar volume of sales or business done of at least $500,000 during the relevant time period herein,  and thus are not "enterprises" as that term is defined under the Fair Labor Standards Act (FLSA).

Defendants reserve the right to supplement these defenses based upon information obtained during discovery.

WHEREFORE, Defendants request that the Court:

a)      Dismiss, with prejudice, Plaintiff's Complaint in its entirety;

b)      Deny each and every demand, claim and prayer for relief contained in the

Plaintiff's Complaint;

c)      Award to the Defendants reimbursement for the cost of defending this

meritless, vexatious and frivolous claim, including attorneys' fees; and

d)      Grant such other and further relief as the Court deems just and proper.

Dated:   Garden City, New York
         September 6, 2023

Yours, etc.,

David S. Feather, Esq.
FEATHER LAW FIRM, P.C.
*Attorney for the Defendants*
*Severina Oliverio and Luciano Oliverio*
666 Old Country Road, Suite 509
Garden City, New York 11530
(516) 745-9000

TO:    Steven John Moser, Esq.
       MOSER LAW FIRM, P.C.
       *Attorneys for Plaintiff*
       5 East Main Street
       Huntington, New York 11743
       (631) 824-0200

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Orbin Zaldivar,                                              Docket No. 23-cv-01434

                         Plaintiff,              **AFFIRMATION OF SERVICE**

             -against-

JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant,
Sergio Olivero, Severina Olivero and Luciano
Olivero a/k/a Louis Olivero

                         Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU  )

David S. Feather, being duly sworn, deposes and says:

I am not a party to the foregoing action, am over the age of 18 years, with a business
address of 666 Old Country Road, Suite 509 in Garden City, New York.  On September
6, 2023, I served the within document:

**ANSWER**

By regular mail in a sealed envelope and via ECF addressed to the following person or
persons at the addresses set forth below.

Steven John Moser, Esq.
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, New York 11743

DAVID S. FEATHER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Docket No. 23-cv-01434

---

Orbin Zaldivar,

                              Plaintiff,

          -against-

JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant,
Sergio Olivero, Severina Olivero and Luciano
Olivero a/k/a Louis Olivero

                    Defendants.

---

## ANSWER

---

Feather Law Firm, P.C.
*Attorneys for Defendants*
666 Old Country Road, Suite 509
Garden City, New York 11530
(516) 745-9000
fax (516) 908-3930

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts
of New York State, certifies that, upon information and belief and reasonable inquiry, the
contentions contained in the annexed document are not frivolous.*

*Dated:  September 6, 2023*

David S. Feather