UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Orbin Zaldivar,

                                                          Plaintiff,

            *-against-*                          Case No.: 2:23-cv-01434
                                                                (NCM)(LGD)

JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant, Sergio Olivero, Severina Olivero and Luciano Olivero a/k/a Louis Olivero,

                                                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)**

                                                    Steven John Moser (SM1133)
                                                    Moser Law Firm, P.C.
                                                    5 East Main Street
                                                    Huntington, NY 11743
                                                    (516) 671-1150
                                                 smoser@moseremploymentlaw.com
                                                    *Attorneys for Plaintiff*

# Contents

**PRELIMINARY STATEMENT** .................................................................................................. 1

**PROCEDURAL HISTORY** ........................................................................................................ 1

**FACTS** ........................................................................................................................................... 1

**ARGUMENT** ................................................................................................................................. 2

    I.    STANDARD. ................................................................................................................ 2

    II.    LIABILITY OF SERGIO OLIVERO. ...................................................................... 3

    III.    SUMMARY OF COUNTS ......................................................................................... 3

        A.    *Overtime (Counts I and III)* ............................................................................... 3

        B.    *Minimum Wages (Count II)* .............................................................................. 4

        C.    *Spread of Hours Pay (Count IV)* ...................................................................... 4

    IV.    THE PLAINTIFF IS ENTITLED TO LIQUIDATED DAMAGES ON COUNTS I-IV UNDER THE FLSA AND THE NYLL .................................................................... 4

    V.    THE PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST UNDER THE NYLL ................................................................................................................................. 5

    VI.    THE NYLL PROVIDES THAT THE AMOUNT OF THE JUDGMENT AUTOMATICALLY INCREASE IF THE JUDGMENT IS NOT SATISIFED ....................... 6

**CONCLUSION** ............................................................................................................................. 7

## PRELIMINARY STATEMENT

Plaintiff Orbin Zaldivar ("Zaldivar") respectfully submits this memorandum of law in support of his motion for a default judgment pursuant to FRCP 55(b)(2) against the defendants JANL, Inc. and Sergio Olivero. A proposed Order for Default Judgment is annexed to the Notice of Motion.

## PROCEDURAL HISTORY

This action was commenced on February 23, 2023 against JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant, Sergio Olivero, Severina Olivero and Luciano Olivero a/k/a Louis Olivero, to recover damages for violations of the Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL) and the Hospitality Industry Wage Order (12 NYCRR 146).[1]

Upon Plaintiff's request, the Clerk noted the Default of JANL, Inc. and Sergio Olivero pursuant to Rule 55(a) on August 28, 2023.[2] Plaintiff's claims against Severina Olivero and Luciano Olivero a/k/a Louis Olivero were dismissed without prejudice on February 8, 2024.[3]

## FACTS

The Plaintiff was employed by JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant ("JANL"), from approximately July 2016 until May 5, 2021.[4] He worked in the kitchen, where he prepared food, washed dishes, and cleaned.[5] Plaintiff worked, on average, 68 hours each week.[6] From approximately July 2016 until December 2017, Plaintiff was paid a weekly salary of

---

[1] *See* Declaration of Steven J. Moser ("Moser Decl.") ¶ 3, and Complaint, annexed to the Moser Decl. as Exhibit 1.
[2] *See* Certificate of Default (ECF No. 16) annexed to the Moser Decl. as Exhibit 2.
[3] See Stipulation (ECF 20), annexed to the Moser Decl. as Exhibit 3 and Docket Order dated February 8, 2024.
[4] *See* Declaration of Orbin Zaldivar ("Zaldivar Decl.") ¶ 2; Complaint ¶ 42.
[5] *See* Zaldivar Decl. ¶ 6; Complaint ¶ 43.
[6] *See* Zaldivar Decl. ¶¶ 7-9; Complaint ¶ 44.

1

$450, in cash.[7]  From approximately January 2018 until May 2021, Plaintiff was paid a weekly salary of $500, in cash.[8]

Sergio Olivero hired and fired the Plaintiff.[9]  Sergio Olivero determined how much the Plaintiff would be paid and supervised the Plaintiff.[10]  Sergio Olivero exercised operational control over JANL.[11]

By this motion, Plaintiff seeks judgment against Sergio Olivero and JANL, Inc. ("defaulting defendants") jointly and severally, for a sum certain on Counts I and III (overtime), Count II (minimum wages) and Count IV (spread of hours pay).  A damages calculation spreadsheet is annexed to the Declaration of Steven J. Moser as Exhibit 4.  For the purposes of this motion, the Plaintiff is not seeking an award of damages on Counts V through IX of the Complaint or an award of attorneys' fees or costs as the ability of the defaulting defendants to satisfy even a small portion of the judgment sought is seriously in question.[12]

## ARGUMENT

**I.  STANDARD.**

> In the context of a motion for default judgment on FLSA and NYLL claims, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012); *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011) ("[I]n the absence of rebuttal by defendants, or where the employer has defaulted, as here, the employee's recollection and estimates of hours worked are presumed to be correct." (quotations, citations, and alterations omitted)).

*Shen*, 2021 U.S. Dist. LEXIS 171562, at *5-6.

---

[7] Zaldivar Decl. ¶ 10; Complaint ¶ 45.
[8] Zaldivar Decl. ¶ 11; Complaint ¶ 46.
[9] Zaldivar Decl. ¶¶ 3, 13; Complaint ¶ 17-18.
[10] Zaldivar Decl. ¶ 5; Complaint ¶ 17.
[11] Complaint ¶ 18.
[12] If any default judgment is vacated at any time after entry, Plaintiff intends on reasserting these claims.

II.     LIABILITY OF SERGIO OLIVERO

To determine whether an individual is liable for FLSA and NYLL violations the courts consider whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Coley v. Vanguard Urban Improvement Ass'n*, No. 12-CV-5565 (PKC) (RER), 2018 U.S. Dist. LEXIS 50787, at *4 (E.D.N.Y. Mar. 27, 2018)(citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984). "The courts in this Circuit have often held that the plaintiffs' allegations are sufficient to establish. . .individual. . .liability under the FLSA." *Yeontai Won v. Gel Factory, Corp.,* No. CV 20-5269 (EK) (ARL), 2022 U.S. Dist. LEXIS 13644, at *12 (E.D.N.Y. Jan. 25, 2022).

III.    SUMMARY OF COUNTS

   A.     Overtime (Counts I and III)

The method of computation of overtime under the FLSA and the NYLL are identical. "The FLSA and the NYLL carry a rebuttable presumption that a weekly salary covers only the first forty hours, unless the parties have an alternate agreement." *Pinovi v. FDD Enters.*, No. 13 Civ. 2800 (GBD) (KNF), 2015 U.S. Dist. LEXIS 89154, at *11-12 (S.D.N.Y. July 8, 2015); *accord Ge Chun Wen v. Hair Party 24 Hours Inc.*, No. 15cv10186 (ER) (DF), 2021 U.S. Dist. LEXIS 97828, at *27-28 (S.D.N.Y. May 17, 2021); *Ochoa v. Aucay Gen. Constr., Inc.*, No. 19-CV-3866 (ENV) (ST), 2020 U.S. Dist. LEXIS 174071, at *16 (E.D.N.Y. Sept. 15, 2020). Moreover, the Hospitality Industry Wage Order explicitly states that, where, as here, "an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings. . .by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 NYCRR § 146-3.5.

3

In cases where the computed regular rate is less than minimum wage, overtime is calculated by multiplying the statutory minimum wage by 1.5. *Farez v. Cleaners*, No. 1:22-cv-06728 (VSB) (SDA), 2023 U.S. Dist. LEXIS 127346, at *10 (S.D.N.Y. July 21, 2023).

### B.      Minimum Wages (Count II)

State and federal law require employers to pay to employees at least a minimum hourly rate for every hour they work. *See* 29 U.S.C. § 206(a); 12 NYCRR § 146-1.2. "Plaintiff may not recover under both the NYLL and the FLSA for the same injury, but he is entitled to recover damages under the statute that provides him the greatest relief." *Farez*, 2023 U.S. Dist. LEXIS 127346, at *9.

### C.      Spread of Hours Pay (Count IV)

Section 146-1.6 of the Hospitality Industry Wage Order ("HIWO") provides that for each day in which the interval between the beginning and ending of the employee's workday exceeds 10, the "employee shall receive one additional hour of pay at the basic minimum hourly rate." The Plaintiff's spread of hours exceeded 10 on each day that he worked. Zaldivar Decl. ¶¶ 7 & 9.

## IV.     THE PLAINTIFF IS ENTITLED TO LIQUIDATED DAMAGES ON COUNTS I-IV UNDER THE FLSA AND THE NYLL

Under the FLSA, an employer who underpays an employee is liable "in the amount" of those unpaid wages "and in an additional equal amount as liquidated damages" unless the employer shows to the satisfaction of the court that its behavior giving rise to the FLSA violation "was in good faith" and that it had "reasonable grounds" for believing it was not in violation of the FLSA.

*Muhammed Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60-61 (2d Cir. 2016) (citing 29 U.S.C. § 260).

"[T]he employer bears the burden of establishing, by 'plain and substantial' evidence, subjective good faith and objective reasonableness." *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 70-71 (2d Cir. 1997) (citing 29 U.S.C. § 260). This burden, "is a difficult one to meet,

4

however, and '[d]ouble damages are the norm, single damages the exception.'" *Reich*, 121 F.3d at 71 (quoting *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987)).

V.  **THE PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST UNDER THE NYLL**

Where both the FLSA and New York Labor Law provide for recovery, it is appropriate for the Court to award the maximum recovery available. *Wlodzimierz Drozd v. Vlaval Constr., Inc.*, No. 09CV5122 (SJ) (CLP), 2012 U.S. Dist. LEXIS 146568, at *4-5 (E.D.N.Y. Oct. 10, 2012) (citing *Wlodzimierz Drozd v. Vlaval Constr., Inc.*, No. 09CV5122 (SJ) (CLP), 2011 U.S. Dist. LEXIS 55771, 2011 WL 2022644, at *3 (E.D.N.Y. Oct. 10, 2012)); *see also Jiao v. Chen*, No. 03 Civ. 0165 (DF), 2007 WL 4944767, 2007 U.S. Dist. LEXIS 96480, at *17 (S.D.N.Y. Mar. 30, 2007).

New York law directs the recovery of both prejudgment interest and liquidated damages:

> In any action instituted in the courts upon a wage claim by an employee [] in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, <u>prejudgment interest as required under the civil practice law and rules</u>, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, <u>an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due</u>.

NYLL 198 (emphasis supplied); *see also Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *35 (S.D.N.Y. June 9, 2016); *Castillo v. RV Transp., Inc.*, No. 15 Civ. 0527 (LGS), 2016 U.S. Dist. LEXIS 48503, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016).  The CPLR provides for prejudgment interest of 9 percent per annum[13] on all damages from a single reasonable intermediate date.[14]

---

[13] NY CPLR § 5004.
[14] NY CPLR § 5001.

5

Although it is true that an employee seeking liquidated damages under the FLSA may not recover prejudgment interest, the Plaintiff may recover prejudgment interest for "any period where both [the FLSA and the NYLL] allowed for liquidated damages in the same amount of 100 percent of unpaid wages, and the Court has opted to award such damages under state law." *Rodriguez v. Obam Mgmt.*, No. 13cv00463 (PGG) (DF), 2016 U.S. Dist. LEXIS 155315, at *67-68 (S.D.N.Y. Nov. 7, 2016).

## VI.     THE NYLL PROVIDES THAT THE AMOUNT OF THE JUDGMENT AUTOMATICALLY INCREASE IF THE JUDGMENT IS NOT SATISIFED.

Both NYLL § 198(4) and § 663(4) state:

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

Because all of the damages sought are available under the NYLL the order should provide for an automatic increase consistent with NYLL §§ 198(4) and 663(4). *See Garrido v. House of Salads One L.L.C.*, No. 20-CV-6072 (PKC) (CLP), 2022 U.S. Dist. LEXIS 58496, at *27 (E.D.N.Y. Mar. 30, 2022); *Gonzalez-Diaz v. Daddyo's Mgmt. Grp.*, No. 16 CV 1907 (ENV)(RML), 2017 U.S. Dist. LEXIS 185397, at *11 (E.D.N.Y. Nov. 7, 2017) (compiling cases).

**CONCLUSION**

The Plaintiff has computed damages consistent with the principles set forth in this memorandum of law.[15] For the foregoing reasons, Plaintiff requests that the instant motion for default be granted in its entirety, and that the Clerk be directed to enter judgment in favor of the Plaintiff, and against the defaulting defendants, jointly and severally, as follows:

| | |
|---|---|
| Overtime and Minimum Wages (Counts I-III) | $ 131,903.00 |
| Spread of Hours Pay (Count IV) | $ 17,184.00 |
| Liquidated Damages on Counts I-IV | $ 149,087.00 |
| Prejudgment Interest (through 4/16/2024) | $ 62,278.64 |
| Total | $ 360,452.64 |

Dated: Huntington, New York
April 16, 2024

Respectfully submitted,

/s/ Steven J. Moser

Steven J. Moser

---

[15] Annexed as Exhibit 5 to the Moser Declaration is the damages computation spreadsheet showing the formulas that were used to incorporate the legal principles set forth herein.

7