UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ORBIN ZALDIVAR,

                         Plaintiff,

      v.

JANL, INC., d/b/a Sergio's Pizzeria &
Restaurant, SERGIO OLIVERO, SEVERINA
OLIVERO AND LUCIANO OLIVERO, a/k/a
Louis Olivero,

                      Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

2:23-cv-01434(NCM)(LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is Plaintiff Orbin Zaldivar's ("Plaintiff's") motion for default judgment (the "Motion") against Defendants JANL, Inc., d/b/a/ Sergio's Pizzeria & Restaurant, and Sergio Olivero (the "Defaulting Defendants"), pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). Electronic Case File Number ("ECF No.") 1. *Id.* For the reasons set forth below, the undersigned recommends the Motion be DENIED WITHOUT PREJUDICE.

**I.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiff was employed by Sergio Olivero at Sergio's Pizzeria and Restaurant in Glen Head, New York from approximately July 2016 until May 5, 2021. ECF No. 1 ¶¶ 8, 42-44. Plaintiff worked in the kitchen preparing food, washing dishes, and cleaning floors. *Id.* ¶ 43.

---

[1] Given Defendants' failure to respond to the complaint, Plaintiff's well-pleaded factual allegations in the complaint are accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Antoine v. Brooklyn Maids 26*, 489 F. Supp. 3d 76, 90-91 (E.D.N.Y. 2020) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability.")). In determining whether a plaintiff is entitled to default judgment, the court is "limited to the non-conclusory, factual allegations" in the complaint. *Antoine*, 489 F. Supp. 3d at 90-91 (citing *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013)).

During the relevant time period, employees of Defendant JANL[2] handled and/or worked upon goods that had been moved in or produced for commerce, including, but not limited to, ingredients such as flour, pasta, tomatoes, lettuce, olives, spinach, fish, beef, veal, and cheese. *Id.* ¶ 12.

From approximately July 2016 to approximately May 2021, Plaintiff's regular work schedule was from 10:00am to 9:00pm on Monday, Wednesday, Thursday, and Friday, and from 10:00am to 10:00pm on Saturday and Sunday. *Id.* ¶ 44. Between July 2016 until December 2017, Plaintiff was paid a weekly salary of $450 in cash, and between January 2018 until May 2021, Plaintiff was paid a weekly salary of $500 in cash. *Id.* ¶¶ 45-46. Plaintiff was not paid overtime for hours worked over 40 per workweek and was not paid the minimum wages required under the New York State Hospitality Industry Wage Order ("HIWO"). *Id.* ¶ 47-49, 12 NYCRR § 146-3.5. Additionally, Plaintiff regularly worked a spread of hours over ten, but was never paid an additional hour of pay for each hour worked over ten per day. *Id.* ¶¶ 52-54. Further, Plaintiff was required to wear a uniform, the cost of which was deducted from his wages. *Id.* ¶ 55-56. On May 5, 2021, Plaintiff spoke with Defendant Sergio Olivero and asked for a raise and overtime pay, which Mr. Olivero terminated Plaintiff. *Id.* ¶ 59-61.

Plaintiff alleges various violations by Defendants under federal and state law relating to unpaid wages and work conditions. *Id.* ¶ 119. These include unpaid overtime pay under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); liquidated damages in an amount equal to unpaid overtime under the FLSA; unpaid minimum wages under the NYLL; spread of hours pay under the NYLL; uniform maintenance pay under the NYLL; reimbursement for uniform expenses under the NYLL; an amount equal to unlawful deductions under the

---

[2] According to the Complaint, JANL was doing business as Sergio Pizzeria & Restaurant. ECF No. 1 ¶ 7.

NYLL; liquidated damages in an amount equal to unpaid overtime, minimum wages, spread of hours pay, uniform maintenance pay, unreimbursed uniform expenses, and unlawful deductions under the NYLL. *Id.*

On February 23, 2023, Plaintiff filed the instant Complaint. ECF No. 1. On July 17, 2023, Plaintiff filed affidavits of service for the Defaulting Defendants. ECF No. 10; ECF No. 11. JANL was required to answer by July 26, 2023, and Sergio Olivero was required to answer by August 7, 2023. *Id.* Defendants Luciano Olivero and Severina Olivero filed an answer to the Complaint on September 6, 2023.[3] ECF No. 17. Defaulting Defendants failed to answer, and on August 28, 2023, Plaintiff filed a request for a certificate of default against the Defaulting Defendants, which was granted by the Clerk of the Court on August 28, 2023.[4] ECF No. 15; ECF No. 16. On April 16, 2024, Plaintiff filed the instant Motion. ECF No. 23. On April 17, 2024, Judge Merle referred the Motion to the undersigned for a Report and Recommendation. Apr. 17, 2024 Order. On April 19, 2024, Plaintiff filed an affidavit of service of the Motion on Sergio Olivero, but not JANL. ECF No. 27.

## II.   LEGAL STANDARDS

### A.   Default Judgement

A motion for default judgment is governed by Rule 55, which sets out a two-part standard that must be met for a default judgment to be ordered. First, the moving party must obtain a certificate of default from the Clerk of the Court and then the moving party may apply for entry

---

[3] On February 8, 2024, Judge Merle dismissed these two defendants pursuant to a joint stipulation of dismissal. *See* ECF No. 20; Feb. 8, 2024 Order.

[4] The Clerk of Court must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). "A corporation may not appear in federal court *pro se,* and default may [be] enter[ed] against a corporate defendant that fails to defend itself in the action by retaining counsel." *Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 116 n.8. (2d Cir. 2023) (citation omitted).

of a default judgment. *See, e.g.*, *Windward Bora LLC v. Thomas*, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022). If a default is granted, the factual allegations of the well-pleaded complaint are deemed true. *See id.* at *3 (internal citation omitted).

The court then looks to "the same factors that apply to a motion to set aside a default judgment for good cause, namely: '(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'" *Group. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 54 (E.D.N.Y. 2022) (quoting *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const.*, LLC, 779 F.3d 182, 186 (2d Cir. 2015)); *see also Guggenheim Cap., LLC v. Birnbaum,* 722 F.3d 444, 455 (2d Cir. 2013) (same).

    i. <u>Willfulness</u>

A default is willful if "it is sufficient to conclude that the defendant defaulted deliberately." *Leger v. Navila Asset Mgmt. Inc.*, No. 20-CV-3820, 2023 WL 2352843, at *2 (E.D.N.Y. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 2349581 (E.D.N.Y. Mar. 3, 2023) (quoting *Bricklayers & Allied Craftworkers*, 779 F.3d 182 at 186). In other words, while a finding of bad faith is not necessary, "[w]illfulness requires more than negligence or carelessness." *Id.* "Where [a] defendant 'does not deny that he received the complaint, the court's orders, or the notice of default judgment' and 'does not contend that his non-compliance was due to circumstances beyond his control,' an inference of willful default is justified." *Bricklayers & Allied Craftworkers*, 779 F.3d 182 at 187 (quoting *Guggenheim Capital, LLC v. Birnbaum,* 722 F.3d 444 at 455)).

4

      ii.      Meritorious Defenses

To demonstrate a meritorious defense, defendant must present enough material that are "good at law so as to give the factfinder some determination to make." *Antoine v. Brooklyn Maids 28, Inc.*, 489 F. Supp. 3d at 81. When a defendant fails to answer the complaint with specificity, the well-pleaded allegations in the plaintiff's complaint are presumed to be true, and it will be difficult for the Court to determine if there are any meritorious defenses. *See id.* Nevertheless, even when a defendant fails to answer a complaint, "the plaintiff must still demonstrate that the factual allegations set forth in her complaint state valid claims to relief." *Id.* at 81. "Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability 'as a matter of law.'" *Id.* (quoting *Bricklayers & Allied Craftworkers*, 779 F.3d 182 at 187).

      iii.      Prejudice Toward Plaintiff

Denying a motion for default judgment would be prejudicial toward the plaintiff if there would be "no additional steps available to secure relief in this [c]ourt." *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474, 2022 WL 940504, at *2 (E.D.N.Y. Jan. 25, 2022), *report and recommendation adopted*, No. 20-CV-3474, 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022) (citing *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)).

      iv.      Damages

Finally, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Id.* at 189 (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir.

2012)) (internal alterations omitted). Instead, the plaintiff must establish — to a "reasonable certainty"— entitlement to the relief requested. *Id.* at 232 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022). Rule 55(b)(2) provides that "[t]he Court may conduct hearings or make referrals" to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2).

### B.  FLSA

"To establish a minimum wage or overtime claim under the FLSA, the 'plaintiff must prove the following: (1) the defendant is an employer subject to [the] FLSA; (2) the plaintiff is an employee within the meaning of [the] FLSA; and (3) the employment relationship is not exempted from the FLSA.'" *Tene v. Neuehaus Studios Inc.*, No. 23CV2040, 2024 WL 1270816, at *4 (E.D.N.Y. Mar. 26, 2024) (quoting *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895, 2019 WL 8381264, at *6 (E.D.N.Y. Dec. 9, 2019) (cleaned up), *report and recommendation adopted*, No. 16-CV-4895 (E.D.N.Y. Mar. 31, 2020)); *see also* 29 U.S.C. §§ 206(a), 207(a).

"For employees to be covered by the FLSA, they must show either that their employer was an enterprise engaged in interstate commerce or that their work as employees regularly involved them in interstate commerce." *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671, 2022 WL 17820084, at *3 (E.D.N.Y. Sept. 8, 2022), *report and recommendation adopted*, No. 20-CV-4671 (E.D.N.Y. Sept. 23, 2022). "These two methods of establishing FLSA coverage are known as 'enterprise coverage' and 'individual coverage,' respectively." *Tene*, 2024 WL 1270816, at *4 (citing *Sanchez v. Ms. Wine Shop*, 643 F. Supp. 3d 355, 367 (E.D.N.Y. 2022)). To establish FLSA coverage, a plaintiff must plausibly allege that either the nature of his

6

work or the nature of his employer's business has a nexus to interstate commerce. *Tene*, 2024 WL 1270816, at *4 (citing *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544, 2021 WL 4341103, at *3 (E.D.N.Y. June 23, 2021)), *report and recommendation adopted*, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021). "Failure to properly plead either individual or enterprise coverage warrants denial of a motion for default judgment." *Id.*

### III.   DISCUSSION

As set forth herein, the Court denies Plaintiff's motion for entry of a default judgment without prejudice.

#### A.   Default Judgement Standards

##### i.   Willfulness

Here, the Defaulting Defendants are in willful default and are not pursuing a defense, having failed to answer the Complaint. This kind of inaction represents a willful default on the part of the Defendants. *See, e.g.*, *Geis Constr. S., LLC v. Delahunt*, No. 20CV3834, 2023 WL 2731692, at *3 (E.D.N.Y. Mar. 31, 2023) (finding that "Defendant's default was willful because he had adequate notice of this lawsuit and ample opportunity to appear . . . but he simply did not respond.") (internal quotations omitted); *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346, 2019 WL 1590931, at *6 (E.D.N.Y. Mar. 13, 2019) ("When a defendant is continually and entirely unresponsive, defendant's failure to respond is considered willful."), *report and recommendation adopted*, No. 18-CV-346, 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019).

##### ii.   Meritorious Defenses

Moreover, it does not appear that the Defaulting Defendants have any meritorious defenses. The well-plead allegations of the Complaint establish that the Defendants failed to pay the Plaintiff overtime wages, minimum wages, spread of hours pay, uniform maintenance pay, reimbursement for uniform expenses, and terminated the Plaintiff when he requested a raise and

7

overtime premium pay for overtime hours. *See* ECF No. 1 ¶ 41. Defendants did not file an answer, and as such, on the current record, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Finkel v. Gaffney-Kroese Elec. Supply Corp.*, No. 22-CV-1777, 2023 WL 2579165, at *4 (E.D.N.Y. Feb. 22, 2023); *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214, 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *report and recommendation adopted*, No. 20-CV-2214, 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021) (same).

        iii.    <u>Prejudice to Plaintiff</u>

Finally, the Court finds that Plaintiff would be prejudiced if the Motion is denied with prejudice. The Defendants have failed to respond to the complaint, and Plaintiff will not be able to recover lost wages from them without a default judgement. Therefore, Plaintiff will be prejudiced if default judgement is not granted, as Plaintiff will not be able to seek important wages which were earned. *See, e.g.*, *Hashimi v. CLMO, LLC*, No. 20-CV-1073 (DG), 2021 WL 3478174, at *4 (E.D.N.Y. July 19, 2021) (granting default judgement where Plaintiff had no other remedy), *report and recommendation adopted* 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021); *United States v. Myers*, 236 F. Supp. 3d 702, 708–09 (E.D.N.Y. 2017) (similar).[5]

**B.**    **Non-Compliance with Local Civil Rule 55.2**

Although Plaintiff has satisfied the traditional default judgment factors, he fails to comply with Local Civil Rule 55.2 as to Defaulting Defendant JANL. When moving for default judgment, Plaintiff must provide:

> a certificate of service stating that all documents in support of the request for default judgment, including the "Clerk's Certificate of Default" and any papers required by this rule, have been personally served on, or mailed to the last known residence

---

[5] The undersigned declines to reach the question of damages at this time because the Motion must be denied for the procedural infirmities detailed below.

8

>(for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought.

Local Civil Rule 55.2 (a)(3).

Plaintiff, however, did not serve the motion for default judgment on JANL. Plaintiff instead filed an affidavit of service upon *only* Defendants Sergio Olivero, Severina Olivero, and Luciano Olivero. *See* ECF No. 27 (listing mailing addresses for Defendants Sergio Olivero, Severina Olivero, and Luciano Olivero but not JANL). Compliance with this Court's Local Rules is necessary to grant default judgment. *See BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796, 2024 WL 3740439, at *5 (E.D.N.Y. Aug. 10, 2024) ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules.") (quoting *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831, 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023)). Plaintiff's failure to serve the instant Motion on JANL is a fatal procedural defect that necessitates denying the Motion as to this Defendant.

      C.    **Non-Compliance with Servicemembers Civil Relief Act**

Additionally, Plaintiff's Motion contains another fatal infirmity, as it fails to establish compliance with the Servicemembers Civil Relief Act ("SCRA"). "Pursuant to the SCRA, '[i]n a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit.'" *Tene*, 2024 WL 1270816, at *3 (E.D.N.Y. Mar. 26, 2024) (quoting *Lopez v. Metro & Graham LLC*, No. 22-CV-332, 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022), *report and recommendation adopted*, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) (citing 50 U.S.C. § 3931(b)(1)). "The non-military affidavit must be based not only on an investigation conducted

9

after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default [judgment] is to be entered." *Tene*, 2024 WL 1270816, at *3 (quoting *Tenemaza v. Eagle Masonry Corp.*, No. 20-CIV-452 , 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021); *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD)(RER), 2023 WL 375647, at *4 (E.D.N.Y. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023). Noncompliance with these requirements is sufficient to deny default judgment. *See Tene*, 2024 WL 1270816, at *3; *Windward Bora, LLC v. Ortiz*, No. 21-CV-4154 (MKB)(JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *report and recommendation adopted* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022) (same).

Here, Plaintiff fails to submit an affidavit purporting to demonstrate compliance with the SCRA as to Defendant Sergio Olivero. The failure to submit this affidavit is fatal to the Motion.[6]

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion be denied without prejudice.

---

[6] The undersigned also *sua sponte* notes that even if Plaintiff demonstrated compliance with the SCRA, the Motion appears to contain other potential infirmities. For instance, Plaintiff does not appear to plausibly plead a nexus to interstate commerce sufficient to establish liability under the FLSA. *See infra* at 5-6 (discussing standards for individual and enterprise coverage under the FLSA). In fact, the Complaint includes only the cursory allegation that "[d]uring the relevant time period, Defendant JANL's employees handled and/or worked upon goods that had been moved in or produced for commerce, including, but not limited to, ingredients such as flour, pasta, tomatoes, lettuce, olives, spinach, fish, beef, veal, and cheese." ECF No. 1 ¶ 12. That sole, threadbare allegation is insufficient to meet the threshold for either individual or enterprise coverage under the FLSA. *See Tene*, 2024 WL 1270816, at *5 ("Plaintiff only asserts that Neuehaus '(i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person[;] and (ii) has had annual gross volume of sales of not less than $500,000.00.' *These conclusory allegations are no more than a rote recitation of the statutory language*.") (emphasis added).

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Merle. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
September 24, 2024

s/ Lee G. Dunst

**LEE G. DUNST**
United States Magistrate Judge