

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

September 26, 2024

**VIA ECF**

Hon. Lee G. Dunst, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11717

Re: *Zaldivar v JANL Inc,* Case No. 23-cv-01434(NCM)(LGD)

Dear Judge Dunst:

I represent the Plaintiff in the above referenced matter.  On Tuesday, September 24, 2024, the Court issued its report and recommendation that Plaintiff's Motion for Default be denied without prejudice.  I thank the Court for its guidance in complying with the Servicemembers Civil Relief Act ("SCRA") and Local Rule 55.2(a)(3).  I also thank the Court for denying the motion *without prejudice.*

For the reasons stated more fully below, Plaintiff respectfully requests that the Court reconsider its decision and enter judgment.

**Compliance with the SCRA**.  With respect to compliance with the SCRA, the Court is absolutely correct that an affidavit with regard to whether Sergio Olivero was a service member should have been submitted, but was not.  However, on September 25, 2024 I conducted searches of the Department of Defense Manpower Data Center website which show that the Defendant Sergio Olivero was not an active service member after the filing of the complaint, when the default against Mr. Olivero was entered, and until today.  I personally conducted these searches.  Copies of certificates from the Department of Defense's SCRA website (https://scra.dmdc.osd.mil/scra/#/home) are annexed hereto as Exhibit 1.  *See Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 U.S. Dist. LEXIS 157973, at *7 (E.D.N.Y. Aug. 31, 2020)(recommending that Plaintiff obtain certificates from the Department of Defense SCRA website).

**Compliance with Local Rule 55.2.** With respect to compliance with Local Rule 55.2(a)(3) the Court is correct that the papers were not mailed separately to JANL, Inc.  However, the Court has the power to permit other forms of service pursuant.  *See* Local Rule 55.2(3)(requiring separate mailing to corporate defendant "[u]nless otherwise ordered by the Court[.]").

Furthermore, it is undisputed that Sergio Olivero was an officer and shareholder of the corporate defendant JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant.  In fact, according to Luciano

Hon. Lee G. Dunst, USMJ
September 25, 2024
Page 2




Olivero and Severia Olivero, he is the *sole officer* and *sole shareholder* of JANL, Inc.  Here, as the motion papers stating that the relief sought against JANL, Inc. were served upon its sole shareholder and officer, *they were served upon the only individual who could act on behalf of JANL.  See Braswell v. United States*, 487 U.S. 99, 110, 101 L. Ed. 2d 98, 108 S. Ct. 2284 (1988) ("Artificial entities such as corporations may act only through their agents …..'"); Brandstein v. White Lamps, Inc., 20 F. Supp. 369, 370 (S.D.N.Y. 1937)("While a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents."); see also New York CPLR § 311 (permitting service upon a corporation by delivery to "to an officer, director, managing or general agent" of the corporation). Therefore, the failure to mail the papers separately to JANL was harmless.

**FLSA Coverage.** The allegations with regard to FLSA enterprise coverage are as follows:

- JANL operated a restaurant (Complaint ¶ 8) and did business as "Sergio's Pizzeria & Restaurant" (Compl. ¶ 7).
- "Defendant JANL's employees handled and/or worked upon goods that had been *moved in* or produced for commerce, including, but not limited to, ingredients such as flour, pasta, tomatoes, lettuce, olives, spinach, fish, beef, veal, and cheese."  (Compl. ¶ 12)(emphasis added).
- During each calendar year, JANL met the FLSA income threshold.  (Compl. ¶¶ 9-11).
- The Plaintiff "worked in the kitchen, where he prepared food, washed dishes, and cleaned the floor and kitchen."  (Compl. ¶ 43).

In light of the foregoing, Plaintiff respectfully respects that the Court reconsider its holding at footnote 6 which compares the allegations in the Plaintiff's complaint to those made in *Tene v. Neuehaus Studios Inc.*, No. 23-CV-2040 (NRM)(MMH), 2024 U.S. Dist. LEXIS 56486, at *15 (E.D.N.Y. Mar. 26, 2024).  "To properly allege individual or enterprise coverage, a plaintiff needs to state the nature of his work and the nature of his employer's business with straightforward allegations connecting that work to interstate commerce."  *Baez v. Mi Pueblo Corp.*, No. 23-CV-2097 (RER)(MMH), 2024 U.S. Dist. LEXIS 160933, at *10 (E.D.N.Y. Sept. 5, 2024).

> Writing in 1998, then-district judge Sotomayor explained that, "[s]ince 1974, courts . . . have unanimously come to the same conclusion: local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have *moved or been produced in interstate commerce*." *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (collecting circuit- and district-court cases); *see also id.* at 529-30 (surveying legislative history of § 203(s)).

*Cabrera v. Canela*, 412 F. Supp. 3d 167, 173 (E.D.N.Y. 2019).

Here, unlike in *Tene,* the defendant is identified as a restaurant whose employees worked upon goods that had been transported in or produced for commerce.  "Courts may infer from the nature of a business that it engages in interstate commerce, and many have made this inference for restaurants." *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 U.S.

Hon. Lee G. Dunst, USMJ  
September 25, 2024  
Page 3

MOSER LAW FIRM, PC 

Dist. LEXIS 157973, at *8 (E.D.N.Y. Aug. 31, 2020)(citing *Cabrera v. Canela*, 412 F. Supp. 3d 167, 173-74 (E.D.N.Y. 2019)). As observed by Judge Lashann Dearcy Hall,

> For example, in *Fermin v. Las Delicias Peruanas Restaurant, Inc.*, the district court found that "it [was] reasonable to infer that the myriad goods necessary to operate a Peruvian restaurant with an eat-in dining area and over $500,000.00 in annual sales do not exclusively come from New York State." 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) ("As a restaurant, it is reasonable to infer that [the defendant] requires a wide variety of materials to operate, for example, foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more. It is also reasonable to infer that some of these materials moved or were produced in interstate commerce."). Similarly, in *Guardado v. 13 Wall Street, Inc.*, the court "infer[red] an interstate nexus based upon the factual allegations that Defendant operated a restaurant and that Plaintiff handled food presumably prepared at that restaurant, the ingredients of which logically originated, at least in part, outside of New York State." No. 15-CV-02482, 2016 U.S. Dist. LEXIS 167887, 2016 WL 7480358, at *4 (E.D.N.Y. Dec. 2, 2016), *R. & R. adopted*, 2016 U.S. Dist. LEXIS 179853, 2016 WL 7480363 (Dec. 29, 2016). In another case outside the restaurant context, a district court found it "inconceivable that some of the bread-making materials used by plaintiffs did not originate out of state or that the [defendant] bakery did not sell its products outside the State of New York." *Huerta*, 2012 U.S. Dist. LEXIS 46407, 2012 WL 1107655, at *2. The same logic applies here. Defendants' restaurant has a kitchen and a bar and does more than $500,000 in annual business. It is eminently reasonable to infer that Defendants employ workers who handle materials that have traveled in interstate commerce. Indeed, it would defy logic to assume that none of the food, drinks, or materials served or used in the restaurant originated out of state.
>
> In making this determination, the Court is particularly mindful of "the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015). To decline to make reasonable inferences of interstate commerce in cases like this would frustrate the FLSA's remedial purpose and would give employers perverse incentives to default in FLSA actions, where plaintiff workers may lack specific information about their employers' distribution networks.

*Cabrera*, 412 F. Supp. 3d at 173-74.

**Conclusion.** We take the guidance of the Court seriously and have implemented procedures for assuring compliance with Local Rule 55.2 and the SCRA. We sincerely hope that in light of the fact that the corporate defendant had actual notice of the motion for default, and the fact that Sergio Olivero was not a service member, the court will "secure the just [and] speedy" resolution of the motion on its merits. *See* FRCP 1. With regard to the FLSA coverage issue, we also take the Court's guidance regarding the specificity of pleading FLSA coverage seriously, and

Hon. Lee G. Dunst, USMJ
September 25, 2024
Page 4

MOSER LAW FIRM, PC 

respectfully request that in light of the allegations made in this case, the Court make a reasonable inference of FLSA coverage.

      In the event that the Court declines reconsideration, I respectfully thank the Court for denying the motion without prejudice and remain ready to re-file the motion.

      Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

CC:    All counsel of record via ECF