UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Orbin Zaldivar,

                                             Plaintiff,

-*against*-

JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant, Sergio Olivero, Severina Olivero and Luciano Olivero a/k/a Louis Olivero,

                                             Defendants.

Case No.: 2:23-cv-01434 (NCM)(LGD)

**[PROPOSED] ORDER FOR DEFAULT JUDGMENT**

      Having reviewed all of the moving papers, the Court hereby finds as follows:

### Service of Process and Default

1.      The record reflects that proper service was made on Defendants JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant and Sergio Olivero ("Defaulting Defendants"). Docket Entries ("DE") 10 & 11.

2.      According to the record, no answer, motion or other appearance was filed on behalf of Defaulting Defendants.

3.      The Clerk has properly noted the default of the Defaulting Defendants pursuant to Fed. R. Civ. P. 55(a). DE 16.

### Liability

4.      Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.,* 373 F.3d 241, 244 (2d Cir.2004). Nevertheless, the Court is "required to determine whether the [plaintiffs'] allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz,* 577 F.3d 79, 85 (2d Cir. 2009). Based upon examination of the complaint and motion papers, the Court finds that plaintiff has demonstrated that the uncontroverted allegations and supporting

declarations, without more, establish the Defaulting Defendants' liability on the following cause(s) of action:

    a. Count I: Overtime under the Fair Labor Standards Act (29 U.S.C. § 201, et seq.);

    b. Count II: Minimum wages under the New York Labor Law and its implementing regulations (NYLL § 663; 12 NYCRR § 146-1.2);

    c. Count III: Overtime under the New York Labor Law and its implementing regulations (NYLL § 663; 12 NYCRR § 146-3.5);

    d. Count IV: Spread of hours pay under the NYLL and its implementing regulations (NYLL § 663; 12 NYCRR § 146-1.6).

5.     The Court finds that the Defaulting Defendants are jointly and severally liable as employers under the NYLL and the FLSA.

## Damages

6.     Based upon a review of affidavits and other documentary evidence, *see Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (holding a court may rely upon affidavits and documents in calculating damages upon default), the Court finds that the plaintiff has established damages in the following amounts:

| | |
|---|---|
| Overtime and Minimum Wages (Counts I-III) | $ 131,903.00 |
| Spread of Hours Pay (Count IV) | $ 17,184.00 |
| Liquidated Damages on Counts I-IV | $ 149,087.00 |
| Prejudgment Interest (through 4/16/2024) | $ 73,632.19 |
| **Total** | **$ 371,806.19** |

**Additional Provisions**

7.      If any amounts remain unpaid upon the expiration of ninety days following issuance of this judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of this judgment shall automatically increase by fifteen (15) percent. NYLL § 198(4) and § 663(4).

For the foregoing reasons, the undersigned grants plaintiffs' motion and awards damages in a manner consistent with this opinion.

SO ORDERED:

_____
                        , United States District Judge