Steven John Moser
Moser Law Firm, P.C.
5 E. Main Street
Huntington, NY  11743
(631) 824-0200
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Orbin Zaldivar,<br><br>                              Plaintiff,<br><br>    -*against*-<br><br>JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant, Sergio Olivero, Severina Olivero and Luciano Olivero a/k/a Louis Olivero,<br><br>                              Defendants. | Case No.:  23-1434<br><br>**COMPLAINT** |

Plaintiff Orbin Zaldivar, by his attorneys, the Moser Law Firm, P.C.  hereby files this complaint against Defendants JANL, Inc. d/b/a Sergio's Pizzeria & Restaurant, Sergio Olivero, Severina Olivero and Luciano Olivero, and alleges as follows:

### INTRODUCTION

1. This action is brought individually to recover.

    (a) overtime under the Fair Labor Standards Act of 1938 ("FLSA"), as amended,

    (b) minimum wages under the Hospitality Industry Wage Order, 12 NYCRR § 146 ("HIWO"),

    (c) overtime under the HIWO,

    (d) spread of hours pay under the HIWO,

    (e) uniform maintenance pay under the HIWO,

    (f) reimbursement for uniform expenses under the HIWO,

    (g) unlawful deductions from wages under the HIWO and NYLL § 193,

1

(h) punitive damages, lost earnings, and liquidated damages under the anti-retaliation provision of the FLSA (29 U.S.C. § 215(a)(3)),

(i) punitive damages, lost earnings, and liquidated damages under the anti-retaliation provision of the NYLL (§ 215),

(j) liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

### *Plaintiff*

4. Plaintiff Orbin Zaldivar is a natural person who resides in Nassau County, New York.

5. Orbin Zaldivar was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

### *Defendants*

### *JANL, Inc.*

6. Defendant JANL, Inc. is a domestic corporation formed under the laws of the State of New York.

7. At all times during the six-year and 228-day period preceding the filing of this complaint ("relevant time period"), Defendant JANL, Inc. did business as Sergio's Pizzeria & Restaurant.

8. During the relevant time period, Defendant JANL, Inc. ("JANL") operated a restaurant at 3-7 Park Plaza, Glen Head, New York 11545.

9. For the 2018 calendar year, JANL had an annual dollar volume of sales or business done of $500,000 or more.

10. For the 2019 calendar year, JANL had an annual dollar volume of sales or business done of $500,000 or more.

11. For the 2020 calendar year, JANL had an annual dollar volume of sales or business done of $500,000 or more.

12. During the relevant time period, Defendant JANL's employees handled and/or worked upon goods that had been moved in or produced for commerce, including, but not limited to, ingredients such as flour, pasta, tomatoes, lettuce, olives, spinach, fish, beef, veal, and cheese.

*Sergio Olivero*

13. Defendant Sergio Olivero is a natural person.

14. Defendant Sergio Olivero ("Sergio") resides in Nassau County, New York.

15. Upon information and belief, Sergio has been an officer of JANL during the relevant time period.

16. Upon information and belief, Sergio has been a shareholder of JANL during the relevant time period.

17. Upon information and belief, Sergio had the power to hire and fire the Plaintiff, supervised and controlled his work schedules, the conditions of his employment, determined the rate and method of his pay, and maintained records of his employment.

18. Upon information and belief, Sergio exercised sufficient operational control over JANL to be deemed the Plaintiff's employer under the FLSA and the NYLL.

*Severina Olivero*

19. Defendant Severina Olivero is a natural person.

20. Defendant Severina Olivero ("Severina") resides in Nassau County, New York.

21. Upon information and belief, Severina has been an officer of JANL during the relevant time period.

22. Upon information and belief, Severina has been a shareholder of JANL during the relevant time period.

23. Upon information and belief, Severina had the power to hire and fire the Plaintiff, supervised and controlled his work schedules, the conditions of his employment, determined the rate and method of his pay, and maintained records of his employment.

24. Upon information and belief, Severina exercised sufficient operational control over JANL to be deemed the Plaintiff's employer under the FLSA and the NYLL.

*Luciano Olivero*

25. Defendant Luciano Olivero is a natural person.

26. Defendant Luciano Olivero ("Luciano") resides in Nassau County, New York.

27. Upon information and belief, Luciano has been an officer of JANL during the relevant time period.

28. Upon information and belief, Luciano has been a shareholder of JANL during the relevant time period.

29. Upon information and belief, Luciano had the power to hire and fire the Plaintiff, supervised and controlled his work schedules, the conditions of his employment, determined the rate and method of his pay, and maintained records of his employment.

30. Upon information and belief, Luciano exercised sufficient operational control over JANL to be deemed the Plaintiff's employer under the FLSA and the NYLL.

## NY BUSINESS CORPORATION LAW PERSONAL LIABILITY

31. During the relevant time period, none of the shares of JANL were listed on a national securities exchange or regularly quoted in an over-the-market by one or more members of a national or an affiliated securities association.

32. As of July 2016, Sergio was one of the ten largest shareholders of JANL.

33. As of July 2016, Severina was one of the ten largest shareholders of JANL.

34. As of July 2016, Luciano was one of the ten largest shareholders of JANL.

35. On or about July 6, 2021, the Plaintiff Zaldivar gave written notice to Sergio of his intention to hold Sergio personally liable for the services rendered by him to JANL.

36. On or about July 6, 2021, the Plaintiff Zaldivar gave written notice to Severina of his intention to hold Severina personally liable for the services rendered by him to JANL.

37. On or about July 6, 2021, the Plaintiff Zaldivar gave written notice to Luciano of his intention to hold Luciano personally liable for the services rendered by him to JANL.

38. On or about July 6, 2021, Plaintiff Zaldivar demanded an examination of the record of shareholders of JANL.

39. As of the date of filing of this complaint, JANL has not permitted an inspection of the record of shareholders.

## WILLFULNESS ALLEGATIONS

40. As part of their regular business practice, Defendants have willfully engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.

41. This pattern, practice, and/or policy includes willfully failing to pay the Plaintiff overtime wages, minimum wages, spread of hours pay, uniform maintenance pay, reimbursement for uniform expenses, and terminating the Plaintiff when he requested a raise and overtime premium pay for overtime hours. Upon information and belief, Defendants were or should have been aware that their actions as described in this complaint violated both state and federal law.

## FACTUAL ALLEGATIONS

42. Plaintiff Orbin Zaldivar ("Mr. Zaldivar") was employed by JANL from approximately July 2016 until May 5, 2021.

43. Mr. Zaldivar worked in the kitchen, where he prepared food, washed dishes, and cleaned the floor and kitchen.

44. From approximately July 2016 until approximately May 5, 2021, Mr. Zaldivar's regular work schedule was from 10 am to 9 pm on Monday, Wednesday, Thursday and Friday, and from 10 am to 10 pm on Saturday and Sunday.

45. From approximately July 2016 until December 2017, Mr. Zaldivar was paid a weekly salary of $450, in cash.

46. From approximately January 2018 until May 2021, Mr. Zaldivar was paid a weekly salary of $500, in cash.

47.     Mr. Zaldivar was not paid an overtime premium for hours worked in excess of 40 per workweek.

48.     For example, Mr. Zaldivar worked approximately 68 hours during the workweek ending December 20, 2020. For this workweek, the Plaintiff was paid a salary of $500.00.

49.     Mr. Zaldivar was not paid the minimum wages required by the HIWO for the period from December 31, 2019, until May 2021.

50.     For example, for the week ending December 20, 2020, the Plaintiff's regular rate of pay was $12.50 per hour. *See* 12 NYCRR § 146-3.5(b)(describing the method of computing the regular rate).

51.     For the week ending December 20, 2020, the Plaintiff was entitled to be paid at least $13.00 per hour for all regular hours worked. *See* 12 § NYCRR 146-1.2.

52.     The Plaintiff regularly worked a spread of hours exceeding 10.

53.     For example, for the week ending December 20, 2020, the Plaintiff Zaldivar worked a spread of hours exceeding 10 on six (6) workdays.

54.     Mr. Zaldivar did not receive one additional hour of pay at the basic minimum hourly rate on each day in which the spread of hours exceeded 10.

55.     Mr. Zaldivar was required to wear a uniform consisting of a pair of chef pants and a "Sergio's Pizzeria & Restaurant" tee shirt.

56.     The Defendants did not maintain Mr. Zaldivar's uniform.

57.     Mr. Zaldivar paid $10 to the Defendants for each "Sergio's Pizzeria & Restaurant" tee shirt and purchased at least 6 shirts during his employment.

58.     The cost of each "Sergio's Pizzeria & Restaurant" tee shirt was deducted from the Plaintiff's wages.

59. On or about May 5, 2021, the Plaintiff spoke with Sergio Olivero.

60. The Plaintiff asked Sergio Olivero for a raise and asked to be paid time and a half for his overtime hours.

61. In response to the Plaintiff's request, Sergio Olivero became extremely angry and terminated the Plaintiff.

### FIRST COUNT

*Overtime Wages under the Fair Labor Standards Act*

*29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants were each an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a).

64. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

65. The Defendants employed the Plaintiff within the meaning of 29 U.S.C. §§ 203(g) and 207(a).

66. At all times relevant, JANL's employees handled and/or worked upon goods that had been moved in or produced for commerce pursuant to 29 U.S.C. § 203(s).

67. During each of the calendar years from 2018 through 2020, Defendant JANL was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(s) and 207(a).

68. The Defendants failed to compensate the Plaintiff at one and one half his regular rate of pay for all hours worked in excess of 40 in a given workweek.

69. Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

70. Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Plaintiff. Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

71. As a result of Defendants' violations of the FLSA, the Plaintiff is entitled to overtime pay, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND COUNT

*Minimum Wages under 12 NYCRR § 146-1.2 and NYLL § 198(1-a)*

72. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

73. At all times relevant, the Plaintiff has been an employee and Defendants have been the employer within the meaning of the NYLL § 190(3).

74. At all times relevant, the Defendants operated a restaurant as defined in 12 NYCRR § 146-3.1.

75. Defendants were required to pay Plaintiff a basic minimum hourly rate of pay of $13 per hour for the period from December 31, 2019, through December 30, 2020.

76. Defendants were required to pay Plaintiff a basic minimum hourly rate of pay of $14 per hour for the period from December 31, 2020, through May 5, 2021.

77. During the period from December 31, 2019, through May 5, 2021, Defendants failed pay the Plaintiff the minimum wages to which he was entitled.

78. The Defendants' minimum wage violations of the NYLL have been willful and intentional.

9

79. The Plaintiff is entitled to recover from the Defendants his unpaid minimum wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## THIRD COUNT

*Overtime Wages under 12 NYCRR § 146-1.4 and NYLL § 198(1-a)*

80. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

81. Defendants were required to pay Plaintiff at a rate of one and one half his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

82. Defendants failed to compensate the Plaintiff the overtime wages to which he is entitled.

83. The Defendants' overtime violations of the NYLL have been willful and intentional.

84. The Plaintiff is entitled to recover from the Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## FOURTH COUNT

*Spread of Hours Pay under 12 NYCRR § 146-1.6 and NYLL § 198(1-a)*

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants were required to pay the Plaintiff one additional hour of pay at the basic minimum hourly rate on each day in which the spread of hours exceeded 10.

87. Defendants failed to pay Plaintiff one additional hour of pay at the basic minimum hourly rate on each day in which the spread of hours exceeded 10.

88. Defendants' spread of hours violations of the NYLL have been willful and intentional.

89. The Plaintiff is entitled to recover from the Defendants his unpaid spread of hours pay, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## FIFTH COUNT

*Uniform Maintenance Pay under 12 NYCRR § 146-1.7 and NYLL § 198(1-a)*

90. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

91. The Defendants did not maintain the Plaintiff's required uniform.

92. "Where an employer does not maintain required uniforms for any employee, the employer shall pay the employee, in addition to the employee's agreed rate of pay, uniform maintenance pay[.]"

93. Defendants failed to pay the Plaintiff uniform maintenance pay.

94. Defendants' failure to pay uniform maintenance pay was willful and intentional.

95. The Plaintiff is entitled to recover from the Defendants his unpaid uniform maintenance pay, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## SIXTH COUNT

*Uniform Reimbursement under 12 NYCRR § 146-1.8 and NYLL § 198(1-a)*

96. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

97. The Plaintiff purchased required uniforms.

98. The Defendants did not reimburse the Plaintiff for the total cost of the uniforms on the next payday.

99. Defendants' failure to reimburse Plaintiff for the cost of required uniforms was willful and intentional.

100. The Plaintiff is entitled to recover from the Defendants the cost of his uniforms, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

### SEVENTH COUNT

*Unlawful Deductions Under NYLL § 193, 12 NYCRR § 146-2.7 and NYLL § 198(1-a)*

101. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

102. The Defendants made deductions from the Plaintiff's wages for required uniforms.

103. Defendants' violations of NYLL § 193 and 12 NYCRR § 146-2.7 have been willful and intentional.

104. The Plaintiff is entitled to recover from the Defendants the cost of his uniforms, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

### EIGHTH COUNT

*Retaliation under 29 U.S.C. §§ 215(a)(3) and 216*

105. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106. Plaintiff's request for a raise and for overtime premium pay for hours worked in excess of 40 constituted protected activity.

107. Sergio and terminated the Plaintiff.

108. JANL terminated the Plaintiff.

109. There is a causal connection between the Plaintiff's protected activity and the termination.

110. The Plaintiff's termination occurred under circumstances giving rise to an inference of intentional discrimination against the Plaintiff.

111. Defendants acted with malice or with reckless indifference to the federally protected rights of the Plaintiff. Therefore, Punitive damages are available. *Greathouse v. JHS Sec., Inc.,* 2016 U.S. Dist. LEXIS 115494, at *12 (S.D.N.Y. Aug. 29, 2016).

112. Due to Defendants' violations of the anti-retaliation provision of the FLSA, Plaintiff is entitled to back wages, liquidated damages, punitive damages, attorneys fees, and costs of the action.

## NINTH COUNT

*Retaliation under NYLL § 215*

113. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

114. The Plaintiff's request for a raise and for overtime premium pay for hours worked in excess of 40 constituted protected activity.

115. Sergio terminated the Plaintiff.

116. JANL terminated the Plaintiff.

13

117. The Plaintiff's termination occurred under circumstances giving rise to an inference of intentional discrimination against the Plaintiff.

118. Defendants' retaliatory conduct constitutes "intentional or deliberate wrongdoing" and "willfully and wantonly disregards" the Plaintiff's rights. Therefore, punitive damages are available. *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC,* 813 F. Supp. 2d 489, 526 (S.D.N.Y. 2011).

119. Due to Defendants' violations of the anti-retaliation provision of the NYLL, Plaintiff is entitled to recover from Defendants punitive damages, lost wages, liquidated damages in an amount up to $20,000, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the FLSA and NYLL;

B. Liquidated damages in an amount equal to unpaid overtime under the FLSA;

C. Unpaid minimum wages under the NYLL;

D. Spread of hours pay under the NYLL;

E. Uniform maintenance pay under the NYLL;

F. Reimbursement for uniform expenses under the NYLL;

G. An amount equal to unlawful deductions under the NYLL;

H. Liquidated damages in an amount equal to unpaid overtime, minimum wages, spread of hours pay, uniform maintenance pay, unreimbursed uniform expenses, and unlawful deductions under the NYLL;

I. For violation of the anti-retaliation provision of the FLSA, back wages, liquidated damages, and punitive damages;

J. For violation of the anti-retaliation provision of the NYLL, punitive damages, lost wages, and liquidated damages in an amount up to $20,000;

K. Reasonable attorneys' fees and costs of the action;

L. Prejudgment and post judgment interest; and

M. Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
February 23, 2023

Respectfully submitted,
MOSER LAW FIRM, P.C.

By: Steven John Moser
5 E. Main St.
Huntington, NY  11743
(631) 824-0200
steven.moser@moserlawfirm.com
*Attorney for Plaintiffs*

15