

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 19, 2025

**VIA ECF**

Hon. Lee G. Dunst, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11717

    Re:    *Zaldivar v JANL Inc,* Case No. 23-cv-01434(NCM)(LGD)

Dear Judge Dunst:

    I represent the Plaintiff in the above referenced matter.  Please accept this supplemental letter in further support of Plaintiff's motion for default judgment as directed by the Court on May 9, 2025.

    **Dismissal without prejudice of Counts V through IX**.  Plaintiff is agreeing to dismissal without prejudice of Counts V through IX of the complaint.

    **FLSA Coverage.** The allegations with regard to FLSA enterprise coverage are as follows:

- JANL operated a restaurant (Complaint ¶ 8) and did business as "Sergio's Pizzeria & Restaurant" (Compl. ¶ 7).
- "Defendant JANL's employees handled and/or worked upon goods that had been *moved in* or produced for commerce, including, but not limited to, ingredients such as flour, pasta, tomatoes, lettuce, olives, spinach, fish, beef, veal, and cheese."  (Compl. ¶ 12)(emphasis added).
- During each calendar year, JANL met the FLSA income threshold.  (Compl. ¶¶ 9-11).
- The Plaintiff "worked in the kitchen, where he prepared food, washed dishes, and cleaned the floor and kitchen."  (Compl. ¶ 43).

    "[L]ocal business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Archie v. Grand Cent. P'ship*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (Sotomayor, J.).

    In *Tene v. Neuehaus Studios Inc.*, No. 23-CV-2040 (NRM)(MMH), 2024 U.S. Dist. LEXIS 56486, at *14-15 (E.D.N.Y. Mar. 26, 2024), the Plaintiff "fail[ed] to provide any description regarding the nature of Neuehaus's business[.]" Therefore, the Court could not infer whether the

Hon. Lee G. Dunst, USMJ
September 25, 2024
Page 2

MOSER LAW FIRM, PC

Defendant's business connected to interstate commerce. *Tene*, 2024 U.S. Dist. LEXIS 56486, at *14-15.

     Here, unlike in *Tene,* the nature of Defendant's business is identified as a restaurant and pizzeria. "Courts may infer from the nature of a business that it engages in interstate commerce, and many have made this inference for restaurants." *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 U.S. Dist. LEXIS 157973, at *8 (E.D.N.Y. Aug. 31, 2020); *Fermin v. Las Delicias Peruanas Rest.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015)("As a restaurant, it is reasonable to infer that [the defendant] requires a wide variety of materials to operate, for example, foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more. It is also reasonable to infer that some of these materials moved or were produced in interstate commerce."); *Cabrera v. Canela*, 412 F. Supp. 3d 167, 174 (E.D.N.Y. 2019)("It is eminently reasonable to infer that Defendants employ workers who handle materials that have traveled in interstate commerce. Indeed, it would defy logic to assume that none of the food, drinks, or materials served or used in the restaurant originated out of state."); *Huerta v. Victoria Bakery*, No. 10CV4754 (RJD)(JO), 2012 U.S. Dist. LEXIS 46407, at *5 (E.D.N.Y. Mar. 30, 2012)(Dearie, J.)("It is inconceivable that some of the bread-making materials used by plaintiffs did not originate out of state[.]");*Guardado v. 13 Wall St., Inc.*, No. 15-CV-02482 (DRH)(SIL), 2016 U.S. Dist. LEXIS 167887, at *13 (E.D.N.Y. Dec. 2, 2016)(inferring that an Italian restaurant required materials that had been moved in interstate commerce).

     In *Cabrera*, 412 F. Supp. 3d 174, 174, Judge Hall explained that "[t]o decline to make reasonable inferences of interstate commerce in cases like this would frustrate the FLSA's remedial purpose and would give employers perverse incentives to default in FLSA actions, where plaintiff workers may lack specific information about their employers' distribution networks."

     Trial courts have also found that alleging sales in excess of $500,000 suffices at the pleading stage. *Shala v. Ocean Condos.*, No. 23-CV-01637(OEM)(TAM), 2024 U.S. Dist. LEXIS 175956, at *5 (E.D.N.Y. Sept. 27, 2024); *Arias v. All Dimensions Landscaping Inc.*, No. CV 14-6827 (LDW) (AKT), 2016 U.S. Dist. LEXIS 91569, at *3 (E.D.N.Y. July 14, 2016); *Zhao v. L & K Rest., Inc., No.* 14-CV-6103 (VEC), 2015 U.S. Dist. LEXIS 52312, at *5-7 (S.D.N.Y. Apr. 21, 2015); *Boutros v. JTC Painting & Decorating Corp., 989* F. Supp. 2d 281, 284-85 (S.D.N.Y. 2013); *Jackson v. Comput. Confidence, Inc.*, No. 09-CV-6057, 2010 U.S. Di*st. LEXIS 15864, at *10* (W.D.N.Y. Feb. 23 2010).

     **Conclusion**. Plaintiff respectfully requests that judgment be entered against the defaulting defendants.

     Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

Hon. Lee G. Dunst, USMJ
September 25, 2024
Page 3

MOSER LAW FIRM, PC

CC:   All counsel of record via ECF